IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HARTUNG,<br><br>Plaintiff,<br><br>vs.<br><br>J.D. BYRIDER, INC., JD BYRIDER OF CHANDLER; CARNOW ACCEPTANCE COMPANY; JOHN ANDERSON; and T-MOBILE USA INC and DOES 1 through 10 inclusive,<br><br>Defendants. | 1:08-cv-00960 AWI GSA<br><br>ORDER RE: DAMAGES HEARING AND ATTORNEY'S FEES |

Plaintiff Jessica Hartung ("Plaintiff") filed a Motion for Default Judgment against Defendant John Anderson, aka John Edens, on November 14, 2008. No opposition to the motion was filed. This court took the matter under submission. However, upon further review, the court has determined that a damages hearing is necessary as Plaintiff has requested a total judgment amount of $64,590 including $50,000 in emotional damages; $2,000 in statutory damages; $12,240 in attorney's fees; and $350 in costs.

Although the factual allegations of a complaint relating to liability are taken as true, allegations related to the amount of damages suffered are ordinarily not. <u>Dundee Cement Company</u>

1

1  v. Howard Pipe & Concrete Products, 722 F. 2d 1319, 1323  (9th Cir. 1983).   Rule 55(b)(2) of the
2  Federal Rules of Civil Procedure provides that the court may conduct a hearing to determine the
3  amount of damages.  Fed. R. Civ. Proc.  55(b)(2).  Moreover, a judgment by default may not be
4  entered without a hearing on damages unless the amount claimed is liquidated or capable of
5  ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.
6  Dundee Cement Co. v. Concrete Products, 722 F. 2d at 1323.

7         Although Plaintiff has provided the court with an affidavit, she has requested a significant of
8  amount of money based on emotional damages.  The amount of emotional damages is difficult to
9  quantify based on the existing affidavit.  As such, the court will hold a damages hearing on
10 **February 6, 2009 at 9:30 in Courtroom 10**.  Counsel may appear telephonically for this hearing,
11 however, Plaintiff shall personally appear.  All arrangements to appear telephonically shall be made
12 with Carrie Esteves, Courtroom Deputy to Judge Austin, at 559-499-5962.

13        Additionally, the request for attorney's fees in the amount of $12,240 against Defendant
14 Anderson includes attorney's fees that were incurred in the course of litigation related to other
15 defendants in this case.  See, Exhibit B attached to Jeremy S. Golden's Declaration dated November
16 11, 2008.  (Doc. 58-5).  Within 15 days of this order, Plaintiff's attorney shall provide the court
17 with the legal authority to support the contention that Defendant Anderson is liable for attorney's
18 fees resulting from the prosecution of the other defendants in this case.  In the alternative, Plaintiff's
19 counsel shall submit a revised declaration and supporting documentation that contains attorney's fees
20 relating to fees incurred in the litigation against Defendant John Anderson only.

2

IT IS SO ORDERED.

**Dated:**   **January 6, 2009**                     /s/ **Gary S. Austin**
                                                                             UNITED STATES MAGISTRATE JUDGE