IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA HARTUNG,<br><br>      Plaintiff,<br><br>vs.<br><br>J.D. BYRIDER, INC., JD BYRIDER OF CHANDLER; CARNOW ACCEPTANCE COMPANY; JOHN ANDERSON; and T-MOBILE USA INC and DOES 1 through 10 inclusive,<br><br>      Defendants. | 1:08-cv-00960 AWI GSA<br><br>ORDER RE: SERVICE OF COMPLAINT<br><br>ORDER VACATING DAMAGES HEARING ON FEBRUARY 6, 2009 |

      Plaintiff Jessica Hartung ("Plaintiff") filed a Motion for Default Judgment against Defendant John Anderson, aka John Edens, on November 14, 2008.  On January 6, 2009, this court issued an order setting a damages hearing, as well as ordering that Plaintiff's attorney file additional information regarding the request for attorney's fees.  The court served this order on Defendant Anderson/Edens at 3495 Peachtree Pkwy, Box 114, Suwanee, Georgia 30024.  The Complaint in this matter was initially served on Defendant via his wife, at this address listed above.  (Doc. 8).  Plaintiff also used the above address when serving Defendant with the Motion for Default Judgment.

1

It has recently come to the attention of this court that the above address may not be Defendant Edens/Anderson's residential address or his business address, but may be his wife's business address. The proof of service is ambiguous in this regard. As such, it is not clear that Defendant Edens/Anderson was properly served with the complaint under Rule 4(e) of the Federal Rules of Civil Procedure. Plaintiff is also advised that the existing complaint does not explicitly list the amount of damages she is seeking. This may be problematic since "[a] default judgment must not differ in kind, form, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54 (c).

Accordingly, within **fifteen (15)** days of this order, Plaintiff shall submit a brief establishing that the complaint, as well as notice of the amount and kind of damages being sought was properly served on Defendant Edens/Anderson and that the default entered on October 1, 2008 (Doc. 50) was properly issued. In the alternative, within **fifteen (15)** days, Plaintiff may inform the court that service of the complaint and the amount of damages was not properly effectuated and file a Motion to Vacate Default and a Motion to Withdraw the Motion for Default Judgment. Plaintiff shall then personally serve Defendant Anderson/Edens with the complaint and with notice of the amount and kind of damages sought no later than **February 28, 2009.** Plaintiff is advised that this court is not inclined to grant default judgment if there is any ambiguity in whether Defendant Edens/Anderson was properly served with these items.

The damages hearing set for **February 6, 2009 at 9:30** am and the briefing schedule set forth therein regarding attorney's fees is VACATED pending the resolution of this matter. Plaintiff shall attempt to serve Defendant Edens/Anderson with any papers filed with this court regarding this issue and submit proof of service. Alternatively, Plaintiff may explain what attempts at service were made and why service was not possible.

IT IS SO ORDERED.

Dated:   **January 13, 2009**          **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE

2